UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES HERRON, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-15-766 |
| § | |
| PEVETO COMPANIES, LTD. and § | |
| PEVETO HOLDINGS, L.L.C., § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court are the following motions filed by plaintiff James Herron: a motion for conditional certification of a collective action, for notice to potential plaintiffs, and for production of information necessary for notice (Dkt. 20) and a motion for continuance and to extend deadlines in the amended scheduling order (Dkt. 21). Defendants Peveto Companies, Ltd. and Peveto Holdings L.L.C. (together, "Defendants") have failed to respond to either motion. Accordingly, under Local Rule 7.4, both motions are deemed unopposed. *See* S.D. Tex. L.R. 7.4. However, after considering the motions and the applicable law, the court is of the opinion that both motions should be DENIED.

**I. BACKGROUND**

On March 24, 2015, Herron brought this action for unpaid minimum wages and unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"). Dkt. 1. Defendants operate a brake, oil, and alignment services business under the assumed name of Brake Check in approximately forty (40) locations in Texas, including Harris County, Texas. Dkt. 20 at 5. Herron worked for Defendants as a Manager in Training and Service Manager between August 25, 2014 and December 31, 2014. *Id*. at 6. Herron now alleges that Defendants have violated the FLSA, 29

U.S.C. § 201, "by misclassifying the Managers in Training and Service Managers at its stores and failing to pay them for overtime." *Id.*

On April 4, 2016, Herron filed a motion for conditional certification of a collection action, for notice to potential plaintiffs, and for production of information necessary for notice. Dkt. 20. On May 12, 2016, Herron filed a motion for continuance and to extend the deadlines in the court's amended scheduling order. Dkt. 21.

## II. MOTION FOR CONDITIONAL CERTIFICATION

**A.    Law**

Section 207(a) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of forty hours per week. 29 U.S.C. § 207 (a) (2012). Section 216(b) creates a cause of action against employers who violate the overtime compensation requirements. *Id.* § 216 (b). Section 216(b) also permits an employee to bring a collective action lawsuit against an employer on "behalf of himself . . . and other employees similarly situated." *Id.* Employees who wish to participate in a § 216(b) collective action must affirmatively "opt-in" to the action by filing a written consent with the court. *Id.* The "opt-in" procedure of § 216(b) illustrates its "fundamental, irreconcilable difference" from a class action under Federal Rule of Civil Procedure 23(c); in a Rule 23 proceeding, persons within the class description are automatically considered class members and must "opt-out" of the suit if they do not wish to participate. *LaChapelle v. Owens–Illinios, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975).

The Fifth Circuit has declined to adopt a specific test to determine when a court should certify a collective action or grant notice in a § 216(b) action, but most federal courts (including this court) have adopted the *Lusardi* test. *Badgett v. Tex. Taco Cabana*, *L.P.*, No. H–05–3624, 2006 WL 2934265, at *1–2 (S.D. Tex. Oct. 12, 2006) (Miller, J.). Under the *Lusardi* test, a district court

engages in a two-step analysis to determine whether the potential plaintiffs are "similarly situated." *Id*. at *1.

The two stages of the *Lusardi* test are the "notice stage" and the "decertification stage." *Id.* At the notice stage, the court makes a decision, usually solely based on the pleadings and any submitted affidavits, whether to conditionally certify a collective action and give notice to potential class members. *See Mooney v. Aramco Servs*, 54 F.3d 1207, 1213 (5th Cir. 1995). At this stage, the court applies a "fairly lenient standard" because there is often minimal evidence available. *Id.* at 1214. Courts, in fact, "appear to require nothing more than substantial allegations that putative class members were together the victims of a single decision, policy or plan." *Id.* (quoting *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)). Thus, the notice stage analysis typically results in conditional certification of a representative class. *Badgett*, 2006 WL 2934265, at *1. After conditional certification, the "putative class members are given notice and the opportunity to 'opt-in.'" *Mooney*, 54 F.3d at 1214.

After conditional certification is granted, the action proceeds as a representative action. *See id.* The second stage—the "decertification stage"—is typically precipitated by the defendant filing a motion to decertify after the opt-in period has concluded and discovery is largely complete. *Id.* "At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Id.* If the court finds the claimants are no longer made up of similarly situated persons, it decertifies the class and dismisses the opt-in plaintiffs without prejudice. *Id.* If the class is still similarly situated, the court allows the collective action to proceed. *Id.*

A "decision to certify, even if subject to correction at the decertification stage, is not without consequences" as "[t]oo much leniency at the notice stage can lead to a 'frivolous fishing expedition

conducted by the plaintiff at the employer's expense'" and "extreme leniency at the notice stage can result in conditional certification that must later be revoked at the eve of trial . . . when it becomes obvious that manageability concerns make collective action impossible." *Lang v. DirecTV, Inc.*, No. 10–1085, 2011 WL 6934607, at *6 (E.D. La. Dec. 30, 2011) (citations omitted). Therefore, while the notice stage standard is lenient, it is not automatic. *Badgett*, 2006 WL 2934265, at *2. The plaintiff bears the burden of making a preliminary factual showing that a similarly situated group of potential plaintiffs exists. *Id.* To establish this, the plaintiff must make a minimal showing that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Maynor v. Dow Chem. Co.*, No. G–07–0504, 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008) (Rosenthal, J.) (citing *Prater v. Commerce Equities Mgmt. Co.*, No. H–07–2349, 2007 WL 4146714, at *4 (S.D. Tex. Nov. 19, 2007) (Rosenthal, J.); *Simmons v. T–Mobile USA, Inc.*, No. H–06–1820, 2007 WL 210008, at *5 (S.D. Tex. Jan. 24, 2007) (Atlas, J.)).

**B.    Analysis**

Because Herron has failed to satisfy the third element of the *Lusardi* test—that other similarly situated individuals want to opt in to this lawsuit—the court need not consider the first and second elements. For the third element, many courts in this district, including this one, have required plaintiffs to make a minimal showing that other individuals actually want to opt in to the lawsuit. *See Rahman v. Fiesta Mart, LLC,* No. 15-CV-2295, 2016 WL 2346944, at *5 (S.D. Tex. May 4, 2016) (Miller, J.) (denying conditional certification where no one had filed a consent to join other than the plaintiff and there was "no evidence that any other person [was] interested in joining [the] lawsuit"). *See generally McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794 (S.D. Tex. 2010)

4

(Rosenthal, J.); *Ali v. Sugarland Petroleum*, No. 09-CV-0170, 2009 WL 5173508 (S.D. Tex. Dec. 22, 2009) (Ellison, J.); *Simmons v. T-Mobile USA, Inc.*, No. 06-CV-1820, 2007 WL 210008 (S.D. Tex. Jan. 24, 2007) (Atlas, J.). This requirement is necessary to ensure that the collective action mechanism is being used appropriately to promote judicial efficiency rather than as a tool to burden a defendant and create settlement pressure. *See Lang*, 2011 WL 6934607, at *6 (explaining that "[t]oo much leniency at the notice stage can lead to a frivolous fishing expedition conducted by the plaintiff at the employer's expense and can create great settlement pressure early in the case" (footnotes and internal quotation marks omitted)).

This court has previously declined to conditionally certify collective actions where the plaintiffs produced even more evidence that other individuals wanted to opt in than in this case. *See Shaffer v. M-I, LLC*, No. 14-CV-2966, 2015 WL 7313415, at *4 (S.D. Tex. Nov. 19, 2015) (Miller, J.) (finding that the plaintiff had not established that conditional certification was warranted based on one valid consent to join and the plaintiff's statement that there may be others that wish to join); *Morales v. Thang Hung Corp.*, No. 08-CV-2795, 2009 WL 2524601, at *3 (S.D. Tex. Aug. 14, 2009) (Miller, J.) (declining to conditionally certify a collective action where only one consent form had been filed with the court, and explaining that "[o]ne affidavit is not enough to establish that the collective action, along with the expensive notice it requires, is the most efficient way to proceed with this litigation"); *Badgett v. Tex. Taco Cabana, L.P.*, No. 05-CV-3624, 2006 WL 2934265, at *3 (S.D. Tex. Oct. 12, 2006) (Miller, J.) (denying a motion for conditional certification where, in addition to three named plaintiffs, one person filed a declaration indicating that he was interested in opting in to the case but ultimately never moved to join the case).

Herron's case for conditional certification is weaker than in *Shaffer*, *Morales*, and *Badgett*. In this case, no consent forms have been filed, whereas one consent form had been filed in *Shaffer*

5

and *Morales*. The case at hand is most analogous to *Badgett*. In *Badgett*, there were three named plaintiffs and one person that filed a declaration indicating that he was interested in opting in to the case. 2006 WL 2934265, at *3. In this case, there is only one named plaintiff and the declaration of one additional person indicating that "[i]f a collective action is certified in this case, I would like to opt-in as a plaintiff to recover unpaid overtime." Dkt. 20, Ex. 1 at 11, ¶11 (Declaration of Robert Taylor). Moreover, Herron's declaration does not state that he knows of any individuals, other than Robert Taylor, who wish to join the lawsuit. *Id*. at 3–7 (Declaration of James Herron). Rather, his declaration merely states that he knew of other Managers in Training and Service Managers and remembers "talking with some of them about overtime not being paid to us." *Id*. at 6.

Herron claims that this court found similar evidence in *Sandel v. Fairfield Industries, Inc.* satisfactory for showing that others want to opt in to the lawsuit. Dkt. 20 at 13 (citing No. 13-CV-1596, 2014 WL 1379902 (S.D. Tex. Apr. 8, 2014) ( Miller, J.)). However, *Sandel* is inapposite because it involved a case that "amount[ed] to two named plaintiffs seeking to pursue a collection action on behalf of at least 172 other potential putative class members" and the plaintiff "submitted emails and defendant's responses to other workers' concerns that defendant's day rate pay system resulted in underpayment." 2014 WL 1379902 at *3. In this case, there is one named plaintiff, one declaration of an interest to join, and Herron's statement that he remembers talking with other Managers in Training and Service Managers about overtime not being paid. This evidence is insufficient to establish that collective action status is appropriate for this case. Accordingly, the court cannot conditionally certify the collective action based on the current record.

### III. MOTION FOR EXTENSION OF DEADLINES

Herron seeks an extension of several deadlines included in the amended scheduling order (Dkt. 15), arguing that in the event the court grants the motion for conditional certification, the

6

parties will need time to obtain discovery concerning any opt-in plaintiffs. Dkt. 21 at 2. Because the court has denied Herron's motion for conditional certification, Herron has failed to show good cause for an extension of any of the deadlines. Accordingly, Herron's motion for an extension (Dkt. 21) is DENIED.

## IV. CONCLUSION

For the foregoing reasons, Herron's motion to conditionally certify a collective action (Dkt. 20) is DENIED. However, it is denied without prejudice to resubmission if Herron is later able to submit more persuasive information showing that other similarly situated employees want to join the lawsuit. Additionally, Herron's motion to extend certain deadlines in the court's amended scheduling order (Dkt. 21) is DENIED.

Signed at Houston, Texas on June 7, 2016.

_____
Gray H. Miller
United States District Judge